

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-06-405-CR

SHEILA LANETTE CALHOUN       APPELLANT
A/K/A SHEILA L. CALHOUN

V.

THE STATE OF TEXAS          STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Sheila Lanette Calhoun pled guilty to theft of property valued under $1500 with two prior theft convictions. The jury found her guilty, found that she had used or exhibited a deadly weapon during the offense, and assessed her punishment at ten years' confinement in the Institutional Division

---

[1]*See* TEX. R. APP. P. 47.4.

of the Texas Department of Criminal Justice.  The trial court sentenced her accordingly.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  In the brief, counsel avers that, in his professional opinion, this appeal is frivolous.  Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  Although Appellant was given an opportunity to file a brief, she has not done so.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[3]  Only then may we grant counsel's motion to withdraw.[4]  Because Appellant entered an open plea of guilty, our independent review for potential error is limited to potential jurisdictional defects, the voluntariness of her plea,

[2]386 U.S. 738, 87 S. Ct. 1396 (1967).

[3]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State,* 904 S.W.2d 920, 922-23 (Tex. App.—Fort Worth 1995, no pet.).

[4]*See Penson v. Ohio,* 488 U.S. 75, 82-83, 109 S. Ct. 346, 351, 52 (1988).

2

error that is not independent of and supports the judgment of guilt, and error occurring after entry of the guilty plea.[5]

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal.[6] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED: March 6, 2008

---

[5] *See Monreal v. State,* 99 S.W.3d 615, 620 (Tex. Crim. App. 2003).

[6] *See Bledsoe v. State,* 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005).

3